Case number 319-002B. People of the State of Illinois have to be I think it was that one, Bruce Lawrence, Bujari, Lawrence and Bruce Karmann. Mr. Karmann. Thank you, Your Honor. It pleases the court, counsel, my name is Bruce Karmann, and I represent the defendant, Lawrence Bujari. Welcome to the Super Bowl of the Fourth Amendment, because this case has everything. It has factual issues, it has legal issues, it has a certain amount of currency, because of the application of people v. robberies to a unique set of facts. And finally, it may be a swan song, given the changes in the law that are coming in about a month. Not that there still won't be drug traffickers, but I suspect there will be a whole lot less of them with the legalization of recreational marijuana. The first issue I'm going to talk about today, and I'm not going to spend a lot of time talking about the facts, because if I spent a lot of time talking about the facts, I wouldn't have time. The first thing I want to talk about is the seizure. That is, whether the seizure in this case violated any aspect of the Fourth Amendment. One of the things that the briefs assume but don't really address is the fact that this is not a traffic stop. This is an administrative seizure. There was no reasonable or articulable suspicion for stopping my client. He was stopped because commercial trucking is a heavily regulated industry, and the Illinois Administrative Code and the United States Department of Transportation have regulations that allow trucks to be stopped and searched extensively, reviewed the records extensively for the purpose of motorist safety. So the question that is not answered, but I believe assumed throughout, is whether the strictures of people v. Rodriguez, and when I speak of the strictures, I speak of the language which states that a stop must be only long enough to carry out the mission of the stop. I'm assuming, and I don't think, and again, I think the Court will ultimately rule this, the same goes for administrative stops and searches. Once the purpose of the, once the search, once the administrative search has been completed and the purpose of the search is completed, anything that measurably extends that seizure violates the Fourth Amendment under people v. Rodriguez. So let's look at what the facts are in this case. My client was subjected to what's called a level three administrative search. Now that sounds, excuse me, administrative inspection. Now that sounds very jargon-like and very foreboding, but really a level three search is right in the middle. A level one search is where we tear your truck apart, look at everything. A level three search basically says we're going to look at the driver, we're going to look at his log books, we're going to look at his bill of lading, we're going to look at his medical certificates saying that he's capable of driving a vehicle like this, but we're not going to tear the truck apart. That's not what a level three inspection is. Nonetheless, as the Court will learn when it views videotapes or reads through the briefs again, this was approximately a 40-minute seizure. We can argue a little, we can argue a little bit about how much, much longer it was in a minute, but this is an extensive intrusion into my client's freedom of movement. He was seized for 40 minutes. And again, not because of reasonable or articulable suspicion or probable cause. He was seized because Trooper Frosky could, because that's what he's supposed to do. So we get to this point where Trooper Frosky has completed the inspection, was prepared to give my client a clean bill of health, and then from the record I think the Court will agree that Trooper Frosky had developed some kind of suspicion at that point. Does he need suspicion to drive a dog around? No, he does not. That's one of the unusual aspects of this case. The dog can come out at any time because a dog sniffs, not a search. The dog could have come out at any time, so I assume you're asking yourself, as I ask myself when I run all these briefs, why all this request to stay here to allow the dog to walk around the vehicle? And the reason for that is because of people versus Rodriguez. Trooper Frosky is, in my experience, and I've dealt with him many, many times in cases where I was the trial attorney, he's one of the smartest and most instinctive police officers that I've ever encountered. And this is a problem that he and I have had in other cases, that he is smarter than the average police and he develops his own suspicions based upon very thin evidence, and I think this case is one of those situations. And my client's Fourth Amendment rights are not supposed to depend upon the brilliance